**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**SABAL CLERDIMY,**

     Petitioner,

     v.                             Civil No. **3:26CV591 (RCY)**

**JEFFREY CRAWFORD,** *et al.*,

     Respondents.

### MEMORANDUM OPINION

Sabal Clerdimy ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission.  He filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE").  Petitioner alleges, *inter alia*, that Respondents' application of 8 U.S.C. §1225(b) to mandate his detention violates the Immigration and Nationality Act ("INA").  ECF No. 1, at 6–7.[1]  Respondents filed an Opposition.  ECF No. 5.  Petitioner has not filed a response.  For the reasons set forth below, the § 2241 Petition will be DISMISSED AS MOOT.

### I.  BACKGROUND

Petitioner provides very little information in his § 2241 Petition and so the Court must rely on submissions by Respondents.  Petitioner is "a native and citizen of Haiti."  ECF No. 5-2, at 2.  Petitioner was taken into immigration custody on February 25, 2025.  ECF No. 1, at 5.  On December 10, 2025, the Immigration Judge issued an order of removal denying Petitioner's application for asylum, withholding of removal under INA § 241(b)(3), and withholding of

---

[1]  The Court employs the pagination assigned by the CM/ECF docketing system.

removal and deferral of removal under the Convention Against Torture. ECF No. 5-1, at 3, 5. Petitioner appealed. ECF No. 5-2, at 2.

On June 25, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention. ECF No. 1, at 6. Petitioner argues that he was being detained pursuant to 8 U.S.C. § 1226 and therefore was entitled to a bond hearing. *Id.* Petitioner states that he has "TPS." *Id.* at 7. Petitioner also asserts that he has no criminal history and that detention prevents him from receiving mental health treatment. *Id.*

On July 14, 2026, Respondents filed an Opposition in which they state that "[o]n July 9, 2026, the Board of Immigration Appeals [("BIA")] dismissed Petitioner's appeal and affirmed the Immigration Judge's order of removal." ECF No. 5, at 1 (citing ECF No. 5-2). Respondents argue that Petitioner is now subject to a final order of removal, the basis of Petitioner's detention has changed to 8 U.S.C. § 1231, Petitioner is not entitled to a bond hearing, and the § 2241 Petition should be dismissed as moot. ECF No. 5, at 1–2. Based on Respondents' arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to

state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted). Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)). However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### III.  ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2. "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution. *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). With respect to mootness, "a case is moot when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, the basis for Petitioner's detention changed during the pendency of his § 2241 Petition.  On July 9, 2026, the BIA issued a decision dismissing Petitioner's appeal and affirming the Immigration Judge's decision.  ECF No. 5-2, at 2–3.  Thus, Petitioner is now subject to a Final Order of Removal and is now detained pursuant to 8 U.S.C. § 1231.  "Under § 1231, upon the issuance of a final order of removal to an alien, the alien shall be removed 'within a period of 90 days.'  The alien '*shall*' be detained during the removal period." *Banoub v. Crawford*, 819 F. Supp. 3d 477, 486 (E.D. Va. 2025) (footnote omitted) (quoting 8 U.S.C. § 1231(a)(1)(A)).

For the foreseeable future, Petitioner's detention is mandatory.  *See id.*  This change in the statutory provision that governs Petitioner's detention renders his § 2241 Petition moot.  *See Doe v. Perry*, No. 1:21-cv-01364-MSN-IDD, 2022 WL 1837923, at *2 (E.D. Va. Jan. 31, 2022) ("Petitioner concedes that his request for a bond hearing became moot after the issuance of an administratively final removal order.").  Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

### IV.    CONCLUSION

The § 2241 Petition and the action will be DISMISSED AS MOOT.

An appropriate Final Order will issue.

_____  /s/
Roderick C. Young
United States District Judge

Date:  July 29, 2026
Richmond, Virginia

4